UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:16-CR-00041 |
| | : | |
| v. | : | (JUDGE RAMBO) |
| | : | |
| RICARDO REYES, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to a one count Superseding Information which charges the defendant with a violation of Title 18, United States Code, Section 13 and 18 Pa.C.S.A., Section 5503 (a)(4) (disorderly conduct). The maximum penalty for that offense is imprisonment for 1 year, a fine of $200,000.00, a term of supervised release to be determined by the court, which shall be served

at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $25.00. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in the Superseding Information. After sentencing, the United States will move for dismissal of the pending indictment at the same district court docket number. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge(s) to which the defendant pleads guilty pursuant to this Agreement subsequently are vacated, set aside, or invalidated by the district court or appellate court. The defendant further agrees to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement. Finally, as a

2

condition of the United States extending this plea agreement to the
defendant, the defendant agrees to the following:

> a) the defendant agrees to withdraw with prejudice his MSPB
> Appeal, docketed at PH-0752-16-0337-I-1, and any other
> claims or litigation pending against the Defense Logistics
> Agency (DLA) regarding his employment with DLA;
>
> b) the defendant agrees not to file any additional claims or
> initiate any litigation against DLA regarding his
> employment with DLA; and
>
> c) the defendant further agrees to never apply for
> employment with DLA or to work as a contractor performing
> work for DLA.

2.    Term of Supervised Release. The defendant understands
that the court must impose a term of supervised release when a
sentence of more than one year is imposed in addition to any term of
imprisonment, fine or assessment. The court may require a term of
supervised release in any other case. In addition, the defendant
understands that as a condition of any term of supervised release or
probation, the court must order that the defendant cooperate in the

3

collection of a DNA sample if the collection of a sample is so authorized by law.

3.    No Further Prosecution, Except Tax Charges. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B.  Fines and Assessments

4.    Fine. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4

5.    Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.    Inmate Financial Responsibility Program. If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.    Special Assessment. The defendant understands that the court will impose a special assessment of $25.00 pursuant to the provisions of Title 18, United States Code, Section 3013. Not later than

5

the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8.     Collection of Financial Obligations. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

6

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

9.    <u>Determination of Sentencing Guidelines.</u>    The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing

Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

10.   <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

11.   <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

8

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house, or similar facility.

(g) The defendant be placed under home confinement.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## D. Victims' Rights and Restitution

12. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under

10

those Acts by the Attorney General of the United States, crime victims
have the following rights:

 (a) The right to be reasonably protected from the accused;

 (b) The right to reasonable, accurate, and timely notice of any
public court proceeding or any parole proceeding involving the
crime, or of any release or escape of the accused;

 (c) The right not to be excluded from any such public court
proceeding, unless the court, after receiving clear and convincing
evidence, determines that testimony by the victim would be
materially altered if the victim heard other testimony at that
proceeding;

 (d) The right to be reasonably heard at any public hearing in the
district court involving release, plea, sentencing, or any parole
proceeding. The defendant understands that the victim's
comments and recommendations at any of these proceedings may
be different than those of the parties to this Agreement;

 (e) The reasonable right to confer with the attorney for the
Government in the case. The defendant understands that the

victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)     The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

## E.  Information Provided to Court and Probation Office

13.     Background Information for Probation Office.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which

12

the United States deems relevant regarding the defendant's background, character, and involvement in this or other offenses.

14.   Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules

13

of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

15. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

16. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing,

14

argument or presentation of evidence regarding the application of

Sentencing Guidelines to the defendant's conduct, including but not

limited to, requests for information concerning possible sentencing

departures.

## F.  Court Not Bound by Plea Agreement

17.   <u>Court Not Bound by Terms</u>.  The defendant understands

that the court is not a party to and is not bound by this Agreement or

any recommendations made by the parties.  Thus, the court is free to

impose upon the defendant any sentence up to and including the

maximum sentence of imprisonment for 1 year, a fine of $200,000.00, a

term of supervised release to be determined by the court which will

follow any term of imprisonment, the costs of prosecution, denial of

certain federal benefits and assessments totaling $25.00.

18.   <u>No Withdrawal of Plea Based on Sentence or</u>

<u>Recommendations</u>.  If the court imposes a sentence with which the

defendant is dissatisfied, the defendant will not be permitted to

withdraw any guilty plea for that reason alone, nor will the defendant

15

be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

### G. Breach of Plea Agreement by Defendant

19. Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which the United States shall be required to establish any breach by a preponderance of the evidence.

20. Remedies for Breach. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

16

(b)     The United States will be free to make any
recommendations to the court regarding sentencing in this case;

(c)     The United States will be free to bring any other charges it
has against the defendant, including any charges originally brought
against the defendant or which may have been under investigation at
the time of the plea.  The defendant waives and hereby agrees not to
raise any defense to the reinstatement of these charges based upon
collateral estoppel, Double Jeopardy or other similar grounds.

21.     <u>Violation of Law While Plea or Sentence Pending</u>.  The
defendant understands that it is a condition of this Plea Agreement
that the defendant refrain from any further violations of state, local or
federal law while awaiting plea and sentencing under this Agreement.
The defendant acknowledges and agrees that if the government receives
information that the defendant has committed new crimes while
awaiting plea and/or sentencing in this case, the government may
petition the court and, if the court finds by a preponderance of the
evidence that the defendant has committed any other criminal offense
while awaiting plea or sentencing, the Government shall be free at its

17

sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

## H.    Deportation

22.    <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. Defendant still desires to enter into this plea after having been so advised.

## I.  Other Provisions

23.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

24.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation or prosecution covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

25.  <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of

19

the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

26. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

27. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00

p.m., September 12, 2016, otherwise the offer may, in the sole discretion

of the Government, be deemed withdrawn.

28. Required Signatures.   None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the Middle

District of Pennsylvania until signed by the defendant and defense

counsel and then signed by the United States Attorney or his designee.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it
with my attorney. I fully understand it and I voluntarily agree to it.

9-26-16
_____
Date

_____
RICARDO REYES
Defendant

I am the defendant's counsel. I have carefully reviewed every part
of this agreement with the defendant. To my knowledge my client's
decision to enter into this agreement is an informed and voluntary one.

09/26/16
_____
Date

_____
HEIDI FREESE, ESQ.
Counsel for Defendant

21

Bruce D. Brandler
~~PETER J. SMITH~~
UNITED STATES ATTORNEY

By: _____

WILLIAM A. BEHE
ASSISTANT U.S. ATTORNEY

10-5-16
Date

WAB/CAZ 2016R00077 (09/07/2016)

22